# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**KeONDRA M. CHESTANG**                                                **PETITIONER**
**ADC #134005**

**v.**                              **CASE NO.: 5:14CV00443-SWW-BD**

**LARRY NORRIS, Interim Director,**
**Arkansas Department of Correction**                              **RESPONDENT**

## RECOMMENDED DISPOSITION

## I.   Procedure for Filing Objections

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge Susan Webber Wright.  Mr. Chestang – or any party –

may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.   __Background__

In 2005, a jury found KeOndra M. Chestang guilty of aggravated robbery, and the court sentenced him to twenty years' imprisonment in the Arkansas Department of Correction.  Mr. Chestang appealed his conviction, and the Arkansas Court of Appeals affirmed.  *Chestang v. State*, No. CACR05-1170, 2006 WL 2879429, *4 (Oct. 11, 2006). Mr. Chestang did not seek review in the Arkansas Supreme Court.  He did file a state habeas corpus petition, however, on February 19, 2009, which the trial court denied on April 8, 2009.

On August 4, 2009, Mr. Chestang filed a habeas petition with this Court under 28 U.S.C. § 2254.  *Chestang v. Norris*, 2009 WL 4251049, *2 (E.D. Ark. 2009).  The Court dismissed the petition, with prejudice, on November 23, 2009.  *Id*.  Mr. Chestang appealed.  The Court of Appeals for the Eighth Circuit entered a judgment dismissing the appeal and denying Mr. Chestang's application for certificate of appealability on April 1, 2010.  *Chestang v. Norris*, No. 10-1031 (April 1, 2010).

Mr. Chestang filed another habeas petition with this Court on February 27, 2012, contesting the same conviction at issue in his previous petition.  *Chestang v. Hobbs*, No. 5:12CV00083-SWW-BD, 2012 WL 1409393, at *1 (E.D. Ark. Mar. 1, 2012) report and

2

recommendation adopted, appeal dismissed (Sept. 26, 2012) No. 5:12CV0083-SWW-BD, 2012 WL 1409359 (E.D. Ark. Apr. 23, 2012).  The Court dismissed the petition, with prejudice. *Id*.  Mr. Chestang appealed.  The Eighth Circuit entered a judgment denying his application for certificate of appealability and dismissing his appeal.  *Chestang v. Hobbs*, No. 12-2213 (Sept. 26, 2012).

Mr. Chestang has now filed a third petition for writ of habeas corpus with this Court contesting the same conviction at issue in his prior petitions.  Because this is an unauthorized successive habeas petition, the Judge Wright should summarily dismiss the petition (#2) without prejudice.

## III.    Discussion

Before filing a second or successive habeas petition in district court under §2254, a petitioner must seek and receive an order from the court of appeals authorizing the district court to consider a successive petition.  28 U.S.C. § 2244(b)(3)(A).  And the court of appeals can authorize the filing of a successive petition only if the new petition satisfies certain statutory requirements.  28 U.S.C. § 2244(b).[1]  *Burton v. Stewart*, 549 U.S. 147,

_____

[1]This provision requires dismissal of any claims that were presented in a prior habeas petition.  28 U.S.C. § 2244(b)(1).  A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence and the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.  *Id*. §2244(b)(2).

3

152-53 (2007).  Without an order from the court of appeals authorizing the filing of a second or successive habeas petition, a district court lacks jurisdiction to hear the petition. *Id.* at 152-153, 157.

Summary dismissal of a habeas corpus petition –  prior to any answer or other pleading being filed by the State –  is appropriate where the petition itself, together with court records, show that the petition is a second or successive petition filed without authorization from the court of appeals.[2]  Rule 4, Rules Governing Habeas Corpus Cases; *Blackmon v. Armontrout*, 61 Fed.Appx. 985, 985 (8th Cir. 2003).

From the face of the instant petition, read together with the court records, it is obvious that this petition is a successive habeas corpus petition.  Mr. Chestang challenges the same conviction in this petition as he did in his previous petitions.  He does not allege or provide any evidence that he has sought or received authorization from the Eighth Circuit Court of Appeals to file a successive habeas petition.  Accordingly, this Court lacks jurisdiction to consider the merits of this petition.

---

[2] Rule 4 provides:
The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it.  If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

4

**IV.**     **Conclusion**

The Court recommends that Judge Wright dismiss KeOndra Chestang's petition

for writ of habeas corpus, without prejudice, for lack of jurisdiction.

DATED this 12th day of December, 2012.

_____
UNITED STATES MAGISTRATE JUDGE